**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**DAN CAPERS, JR., ON HIS OWN BEHALF AND ALL SIMILARLY SITUATED INDIVIDUALS,**

        **Plaintiff,**

**-vs-**       **Case No. 6:11-cv-457-Orl-28DAB**

**NOAH'S ARK REPAIR SERVICE, INC., and MICHAEL POTTER,**

        **Defendants.**

## ORDER

This case is before the Court on Plaintiff's Renewed Motion to Dismiss Certain Affirmative Defenses to Plaintiff's Complaint (Doc. 31) and Defendants' Response in opposition thereto (Doc. 32). Plaintiff asserts that Defendants' "bare bones" affirmative defenses are "mere legal conclusions" and "legally deficient as pled." (Doc. 31 at 2). Plaintiff's arguments are without merit.

In responding to a pleading a party must . . . state in short and plain terms its defenses to each claim asserted against it." Fed. R. Civ. P. 8(b)(1)(a). The purpose of this requirement is to give the opposing party fair notice of issues that may be raised at trial. Hassan v. U.S. Postal Serv., 842 F.2d 260, 263 (11th Cir. 1998); see also Hewitt v. Mobile Research Tech., Inc., 285 F. App'x 694, 696 (11th Cir. 2008). Contrary to Plaintiff's assertion, the pleading standards set forth in Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009) and Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), do not apply to affirmative defenses.

Adams v. JP Morgan Chase Bank, N.A., No. 3:11–cv–337–J–37MCR, 2011 WL 2938467, at *3 (M.D. Fla. July 21, 2011) (citing "a long line of cases" from district courts within the Eleventh Circuit holding that the Iqbal and Twombly pleading standard does not apply to affirmative defenses). Defendants' affirmative defenses give Plaintiff fair notice of issues that may be raised. Accordingly, Plaintiff's Motion (Doc. 31) is **DENIED**.

    **DONE** and **ORDERED** in Chambers, Orlando, Florida this 26th day of April, 2012.

*[signature]*
JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record
Unrepresented Party