UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DAN CAPERS, JR. ,

      Plaintiff,

v.                                     Case No:  6:11-cv-457-Orl-28TBS

NOAHS ARK REPAIR SERVICE, INC. and
MICHAEL POTTER,

      Defendants.

_____

# ORDER

Pending before the Court are Plaintiff's Motion to Compel Documents Responsive to Plaintiff's First Request for Production of Documents to Defendant, Noah's Ark Repair Service, Inc. (Doc. 52) and Plaintiff's Motion for Enlargement of the Discovery Deadline (Doc. 53).  Defendants have filed responses in opposition to both motions.  (Docs. 55, 56).

## I.   Background

On March 23, 2011, Plaintiff filed his claim against Defendants alleging violations of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 et seq. (Doc. 1).   According to Plaintiff's Complaint, Defendants hired him to work as an hourly paid repair technician from October 2006 through January 5, 2011.  (Doc. 1, ¶ 19).  From at least October 2006 and continuing through January 5, 2011, Defendants failed to compensate Plaintiff at a rate of one and one-halftimes Plaintiff's regular rate for off-the-clock paperwork performed in excess of 40 hours in a single work week.  (Docs. 1, ¶ 21, 19-1 ¶ 7).  Defendants also failed to properly disclose or apprise Plaintiff of his rights under the FLSA.  (Doc. 1, ¶ 29).

Defendants filed their answer to Plaintiff's Complaint in April denying Plaintiff's allegations. (Doc. 12).  As part of his discovery, on December 27, 2011 Plaintiff made a first request for production (Doc. 52-1), which requested in part that Defendants produce:

> Any and all correspondence in Defendant's possession, except those protected by attorney-client privilege, as to Plaintiff, his work with Defendant, the hours he worked with Defendant, and the current lawsuit.  Your response to this request should include, but is not limited to, internal company memorandum, internal company emails, and/or emails sent for personal accounts by Defendant's employees for purpose of Defendant's business.[1]

Defendants' February 9, 2012 response stated:

> Defendant objects to this request as it is overly broad in time and scope, burdensome to compile, seeks irrelevant information and is unlikely to lead to the discovery of admissible evidence.

(See Doc. 52).

On July 23, 2012, Defendant, Michael Potter ("Potter"), was deposed as the corporate representative for Defendant Noah's Ark Repair Services, Inc.  (Doc. 52). At his deposition, Potter testified that he may have had non-privileged email communications with several individuals discussing the facts of this litigation, but that these e-mails might no longer exist.  (See Doc. 52-3).  Plaintiff's counsel stated:

> We would ask that you make sure to preserve any of those e-mails and the responses.  To the extent that they are responsive to our document request, we would ask that they be produced.  To the extent that they are not, then we will be sending a follow-up document request for all of those communications.

(Doc. 52-3 at 5).  Potter also testified that these individuals possessed documents pertaining to this litigation tending to prove that Plaintiff billed Defendants for all his time

---

[1] Request for Production # 18. (Doc. 52 at 5).

and Defendants paid Plaintiff the overtime wages he now claims he is due. [2]  Potter said

he did not personally have these documents, nor had he sought them, but that this

information was "forthcoming" to him.  (Id. at 9).

Plaintiff asserts that the Defendants never produced any information related to

Potter's testimony, although Plaintiff made several good faith attempts to procure the

documents from Defendants. [3]  Plaintiff also complains that the Defendants have never

confirmed whether the documents exist.  Now, Plaintiff seeks a Court order compelling

Defendants to either produce the documents discussed at Potter's deposition, or stipulate

that they do not exist.  In addition to its February 9, 2012 objections to request number

18, the Defendants now argue that they are not equipped to find the information

requested by Plaintiff, and that Plaintiff's request is barred by the statute of limitations.

---

[2]     See Doc. 52-3:
Q: Is there somewhere you believe you can get that information?
A: I will look.
Q: But you didn't look prior to coming here today to testify as the corporate representative of the company?
A: All of the people that I mentioned earlier have been asked.  And they all stated that they have absolute proof, and they're anxious to come testify.
Q: Okay. So let's break that down:  I understand that you've spoken with people who have given you verbal information as to their belief about what Mr. Capers did.  Have those people told you that they have documents to back up what they're saying?
A: I think so.
. . .
A: I've been told that there are communications submitted between him and some of the other people that delineate that he bills for the timekeeping.
. . .
Q: Nor have you produced any of those communications to us so that we can review them, correct?
A:  Don't know.  Don't think so.
Q:  And these are documents that you say will prove that Mr. Capers actually billed you for the time that he spent doing paperwork?
A: That's my belief, yes.

[3]     Plaintiff's counsel emailed Defendant's counsel to acquire the documents on August 21 and 24, 2012, and September 4, 18, 25 and 28, 2012.

(Doc. 55).

## II.    Motion to Compel

Under Federal Rule of Civil Procedure 26(a)(1)(A)(ii) a party must, without awaiting a discovery request, provide to the opposing party a copy of all documents that the disclosing party has in its possession and may use to support its claims or defenses. Throughout his deposition, Potter strongly implied that he and other individuals have documents that Defendants have not given to Plaintiff but that tend to support Defendants' defenses and which Defendants may use to support their defenses. See supra n.2.  Defendants do not refute this in their response, but only elaborate on their objections to Plaintiff's first request for production.

The documents mentioned by Potter and specifically requested by Plaintiff are relevant to this litigation and the Defendants should have produced them as part of their initial disclosures to Plaintiff under Rule 26(a).  The documents are also responsive to Plaintiff's first document request, as are the e-mail communications mentioned by Potter pertaining to this litigation. [4]  Defendants' boilerplate objections to production did not

---

[4] Q: And you've spoken with Ms. Lambert a number of times about this litigation, haven't you?
A: Yes.
. . .
Q: From which e-mail account would you have sent – I'm sorry, were those communications over e-mail?
A: Some.  I suspect that some are, yes.
. . .
Q: Did you share written communications with – I know we talked about John Bostel, but were any of those individuals that we discussed – those being Michelle McCormick, Brad Flood, James Ramie, Scott Glover, Michael Acevedo, Aaron Timms, and Caleb Rennemann – did you share written communications with any of those individuals regarding the subject matter of this litigations?
A:  Perhaps.
Q: And would those communications have been over e-mail?
A: E-mail or – some, yeah, I think so.

satisfy their burden to specifically show why Plaintiff's document request was improper and not relevant.  <u>Adelman v. Boy Scouts of America</u>, 276 F.R.D. 681, 689 (S.D. Fla. 2011).  While the Defendants filed detailed objections in their response to Plaintiff's motion, those objections come too late.  They were asserted more than ten months after Plaintiff's first request for production and more than three months after Plaintiff requested specific documents from Defendants at Potter's deposition.

Additionally, once Potter testified to the possible existence of documents and Plaintiff asked for those exact documents, any objection by the Defendants to Plaintiff's first request for production of those documents based upon relevancy or the breadth of the request evaporated.  Because the Defendants are aware of the documents' existence, it should not be overly burdensome for the Defendants to compile them.  Now, Defendants' objections are **OVERRULED** and Plaintiff's Motion to Compel Documents Responsive to Plaintiff's First Request for Production of Documents to Defendant, Noah's Ark Repair Service, Inc. (Doc. 52) is **GRANTED**.  Defendants shall produce any and all documents identified in the excerpt of Defendant Michael Potter's July 23, 2012 deposition attached to Plaintiff's motion no later than **November 5, 2012**.  (<u>See</u> Doc. 52-3).  If no such documents exist, Defendants will stipulate that the documents do not exist no later than **November 5, 2012**.

### III.   Motions for Extension of Time

In his motion to compel (Doc. 52), Plaintiff seeks to extend the discovery deadline for 45 days if the Court grants the motion.  Plaintiff also filed his Plaintiff's Motion for Enlargement of the Discovery Deadline in which he seeks an extension of the discovery deadline until October 19, 2012.  (Doc. 53).  These motions are due to be **DENIED**.  Plaintiff wants an extension of the discovery deadline to obtain the documents discussed

above and take depositions based upon those documents.  The individuals in question are named in the parties' Rule 26 disclosures and Plaintiff's answers to interrogatories (Doc. 56), and Potter revealed the existence of the documents on July 23, 2012.  Plaintiff has failed to show good cause for failing to move the Court to compel production of the documents or take the additional depositions before now.

**IT IS SO ORDERED.**

**DONE** and **ORDERED** in Orlando, Florida on the 24th day of October, 2012.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to Counsel of Record