UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DAN CAPERS, JR., ON HIS OWN BEHALF
AND ALL SIMILARLY SITUATED
INDIVIDUALS,

    Plaintiffs,

v.                                                 Case No.  6:11-cv-457-Orl-28TBS

NOAH'S ARK REPAIR SERVICE, INC.,
MICHAEL POTTER,

    Defendants.

## ORDER

Pending before the Court is Plaintiff's Motion to Compel Continuation of Deposition of Defendant Michael Potter, and Supporting Memorandum of Law (Doc. No. 58).  Plaintiff brings this action pursuant to the Fair Labor Standards Act, as amended ("FLSA"), 29 U.S.C. §201, et seq., to recover allegedly unpaid back wages, liquidated damages, declaratory relief, attorney's fees and costs.  (Doc. 1, ¶ 1).  The Defendants deny liability.  (Doc. 12).

On December 27, 2011, Plaintiff served his First Request for Production of Documents on each of the Defendants.  (Doc. 52 ).  The request included a request for the production of correspondence concerning the work Plaintiff did for the Defendants, the hours he worked, and this lawsuit.  (Id.)  The Defendants requested and were granted multiple extensions of time before serving their response on February 10, 2012.  (Doc. 57).  In their response, the Defendants objected to producing the correspondence Plaintiff had requested.  (Id.)

On June 7, 2012, Plaintiff noticed the deposition of the corporate representative of Defendant Noah's Ark Repair Services, Inc., with the most knowledge about nine topics. (Doc. 58-1). Defendant Michael Potter appeared as Noah's Ark's sole corporate representative at the deposition. (Doc. 58-2). Potter testified that insofar as some of the areas of inquiry were concerned, he had not made any review, investigation or inquiry in preparation for the deposition. (Doc. 58-2 at 92, 77 and 94). During the deposition, Plaintiff's counsel objected that Potter was "not prepared to testify to all the topics in the 30(b)(6) notice, so we do reserve the right to recall him and to seek our costs in doing so." (Doc. 58-2 at 77).

Although the deposition notice included a request for the production of documents, Noah's Ark did not bring any documents to the deposition. (Doc. 58-2 at 16). However, Potter testified that he might have non-privileged email communications with several individuals discussing the facts of this litigation. (Docs. 52-3 at 55-56 and 58-2 at 101). Plaintiff's counsel asked that those documents be preserved and produced. (Doc. 52-3 at 56). Potter also testified that at least some of the personal knowledge that forms the basis of the Defendants' defenses is actually information given to him by other employees of Noah's Ark, who indicated they had proof that Plaintiff was paid for the hours for which he now claims he was not paid. (Doc. 52-3 at 99-101). Potter testified that he believed these individuals had relevant documents that would be "forthcoming." (Docs. 52-3 at 100-01 and 57).

On August 21, 2012, the Plaintiff's lawyer sent defense counsel an email in which she repeated her request for documents and stated that "we would like to

continue Mr. Potter's deposition after we receive and review the requested documentation." (Doc. 58-3).

On September 25, 20112, counsel for the Defendants sent an email to the Plaintiff's lawyer which included some documents responsive to Plaintiff's requests. (Doc. 58-15). In her reply, sent later that day, the Plaintiff's lawyer asked when she could schedule the continuation of Potter's deposition. (Id.) The Defendant's lawyer did not respond and on September 27, 2012, the Plaintiff's lawyer sent another email asking again, when Potter would be available for the continuation of his deposition. (Id.) In her September 28, 2012 response, the Defendants' lawyer said she was "unclear" why Plaintiff wanted to continue Potter's deposition and that she opposed any continuation of the deposition. (Id.)

However, in an October 2, 2012 email the Defendants' attorney told Plaintiff's lawyer they could "discuss alternate dates" for Potter's deposition. (Doc. 58-20). Later that day, the Plaintiff's attorney responded with a request for dates when the Defendant would be available to "finish his deposition" and a suggestion that it be scheduled to follow mediation on October 10, 2012 inasmuch as everyone would "already be there." (Id.) The Plaintiff's lawyer also said she could not "let it go too long, because of the motion deadlines." The next day, the Plaintiff's lawyer sent another email which addressed multiple topics including making another request for dates when Potter would be available for deposition. In her response, the Defendants' lawyer failed to address the continuation of Potter's deposition. (Id.)

Plaintiff proceeded to unilaterally set multiple depositions of non-parties to occur after the October 8, 2012 discovery cutoff date. (Docs. 34 and 58-22). The Defendants objected and on October 12, 2012, the Plaintiff's lawyer sent an email to defense counsel stating in part that " you (Defendants' lawyer) said that we would work out a mutually agreeable time after the discovery deadline for the continuation of Mr. Potter's deposition, you did not respond to my numerous requests for dates for same, and so I set a date with sufficient notice so that you could let me know if it needed to be moved." (Id.) According to this email, the Defendants had not objected to the scheduled continuation of the deposition two days earlier when all the parties had been together for mediation. In her response, the Defendants' lawyer objected to the depositions of the non-parties but did not deny that she had agreed to the continuation of the Potter deposition. (Id.) Plaintiff's counsel replied that she would cancel the unilaterally set depositions as a "professional courtesy" and move the Court to extend the discovery deadline. (Doc. 58-23). She also repeated her assertion that defense counsel had "agreed to produce Mr. Potter for the continuation of his deposition, and therefore, his deposition is not dependent on the outcome of the motion to extend." The Defendants did not respond to this email. (Id.) While the foregoing emails refer to the deposition of Potter it appears to the Court that counsel are talking about the continuation of the Fed. R. Civ. P. 30(b)(6) deposition of Noah's Ark.

On October 3, 2012, Plaintiff filed his motion to compel the production of documents responsive to his December 27, 2011 request for production and a motion

to extend the discovery deadline.  (Docs. 52 and 53).  This Court granted the motion to compel.  However, it denied the motion to extend discovery because the individuals Plaintiff wished to depose were all identified in the parties' initial Fed.R. Civ. P. Rule 26 disclosures and could have been deposed prior to the discovery deadline.  The Court also denied the motion because Plaintiff did not show good cause for the delay in bringing his motion to compel.

Now, Plaintiff seeks to compel the continuation of the deposition of Potter and the Defendants object.  (Docs. 58 and 62).  Despite the references to Potter the individual, it is clear that what Plaintiff is talking about is the Rule 30(b)(6) deposition of Noah's Ark.  The Defendants make four arguments why the motion should be denied.  (Doc. 62).  First, they note that the Court has already denied earlier motions by Plaintiff to extend the discovery deadline.  Second, they say there never was an agreement to continue the deposition and thus, Plaintiff has not shown good cause to extend the deadline.  Third, they argue that Plaintiff wants to depose Noah's Ark on a topic outside the scope of the Rule 30(b)(6) notice.  Fourth, they say the documents Potter referred to during the deposition do not exist.

The case dispositive motions deadline was November 5, 2012.  (Doc. 34).  The trial is currently set during the term that begins April 1, 2013.  (<u>Id</u>.)

II.   Discussion

Federal Rule of Civil Procedure 30(b)(6) provides:

> (6) Notice or Subpoena Directed to an Organization. In its notice or subpoena, a party may name as the deponent a public or private corporation, a partnership, an association, a governmental agency, or

>       other entity and must describe with reasonable
>       particularity the matters for examination. The named
>       organization must then designate one or more officers,
>       directors, or managing agents, or designate other
>       persons who consent to testify on its behalf; and it may
>       set out the matters on which each person designated will
>       testify. A subpoena must advise a nonparty organization
>       of its duty to make this designation. The persons
>       designated must testify about information known or
>       reasonably available to the organization. This paragraph
>       (6) does not preclude a deposition by any other
>       procedure allowed by these rules.

An organization has clear and important duties when designating and preparing a witness under Rule 30(b)(6).  The deponent has a duty to be knowledgeable about the subject matter identified as the area of inquiry.  See Alexander, 186 F.R.D. at 151 (citing United States v. Taylor, 166 F.R.D. 356, 361 (M.D.N.C. 1996)); SEC v. Morelli, 143 F.R.D. 42, 44-45 (S.D.N.Y. 1992); In re Air Crash Disaster at Detroit Metro. Airport, 130 F.R.D. 627, 630-32 (E.D. Mich. 1989). The designating party has a duty to designate more than one witness if necessary in order to respond to the relevant area of inquiry.  Id. (citing Fed. R Civ. P. 30(b)(6); Buycks-Roberson v. Citibank Fed. Sav. Bank, 162 F.R.D. 338, 343 (N.D. Ill. 1995)). The designating party has a duty to prepare the witness to testify on matters not only known by the witness, but those that should be reasonably known by the designating party.  Id. (citing Fed. R. Civ. P. 30(b)(6); Protective Nat'l Ins. v. Commonwealth Ins., 137 F.R.D. 267, 277-78 (D. Neb. 1989)).  The purpose of a 30(b)(6) deposition "is to get answers on the subject matter described with reasonable particularity by the noticing party, not to simply get answers limited to what the deponent happens to know."  Id.  The designating party has a duty to substitute an appropriate deponent

when it becomes apparent the previous deponent is unable to respond to certain relevant areas of inquiry. Id. (citing Taylor, 166 F.R.D. at 360; Marker v. Union Fidelity Life Ins. Co., 125 F.R.D. 121, 126 (M.D.N.C. 1989)).  "All of these duties correspond to the ultimate underlying purposes of Rule 30(b)(6) – namely, preventing serial depositions of various witnesses without knowledge within an organization and eliminating "bandying," which is the name given to the practice in which people are deposed in turn but each disclaims knowledge of facts that are clearly known to persons in the organization and thereby the organization itself."  Id. (citing Fed. R. Civ. P. 30(b)(6) Adv. Notes, 1970 Amendment).  "When a corporation or association designates a person to testify on its behalf, the corporation appears vicariously through that agent.  If that agent is not knowledgeable about relevant facts, and the principal has failed to designate an available, knowledgeable, and readily identifiable witness, then the appearance is, for all practical purposes, no appearance at all." Resolution Trust Corp. v. So. Union Co., Inc., 985 F.2d 196, 197 (5th Cir. 1993); see also Black Horse Lane Assoc., L.P. v. Dow Chemical Corp., 228 F.3d 275, 304 (3d Cir. 2000) (stating that if a Rule 30(b)(6) witness is unable to give useful and relevant information he is not "present" for the deposition); Continental Cas. Co. v. First Fin. Empl. Leasing, Inc., 716 F. Supp. 2d 1176, 1189 (M.D. Fla. 2010) ("If the designated deponent cannot answer questions regarding the subject matter as to which he is designated, then the corporation has failed to comply with its Rule 30(b)(6) obligations and may be subject to sanctions.").

    Noah's Ark failed to produce one or more properly prepared representatives to

testify at the Rule 30(b)(6) deposition. Potter was unable to answer questions concerning matters that should have been known to a properly prepared deponent and Noah's Ark did nothing to cure its error.

Plaintiff contends that he had an agreement with the Defendants to complete the deposition of Noah's Ark after the discovery deadline. While the Defendants now deny the existence of any such agreement, a fair reading of the record supports Plaintiff's position. Still, the alleged agreement, if it existed, is unenforceable. Local Rule 4.15 makes clear that "[n]o stipulation or agreement between any parties or their attorneys, the existence of which is not conceded, in relation to any aspect of any pending case, will be considered by the Court unless the same is made before the Court and noted in the record or is reduced to writing and subscribed by the party or attorney against whom it is asserted."

The Defendants' argument concerning the scope of the deposition is not a ground to deny Plaintiff's motion. Counsel may object anytime a lawyer asks an improper question and, if appropriate and necessary, resort to other measures to protect the integrity of the proceedings. Whether the documents Potter referenced during the deposition exist or note also has nothing to do with Noah's Ark's failure to properly prepare its corporate representative for deposition.

The issue is whether Plaintiff's motion should be denied on the ground that it is untimely. The Court's Case Management and Scheduling Order states that "[t]he Court may deny as untimely all motions to compel filed after the discovery deadline." (Doc. 34). And, this Court has previously found a lack of good cause to extend the


discovery deadline in this case.  Despite Plaintiff's failure to file this motion before the discovery cutoff, he was diligent in attempting to reschedule the deposition and the Defendants' conduct could reasonably have led Plaintiff to believe the Defendants would cooperate so that the deposition could be completed.  Under these circumstances, Noah's Ark should not be able to escape the consequences of its failure to produce a properly prepared designee simply by running out the clock.  The Court finds that Plaintiff's efforts, coupled with the Defendants' indefinite and arguably inconsistent communication constitutes good cause to extend the discovery deadline for the sole purpose of completing the Rule 30(b)(6) deposition of Noah's Ark.  Therefore, the deposition that was begun on 23, 2012, shall be completed within 60 days from the rendition of this Order.  Plaintiff may not amend his deposition notice.  Noah's Ark shall appear for deposition with one or more corporate representatives who are properly prepared to answer Plaintiff's questions on the topics specified in the deposition notice.

      IT IS SO ORDERED.

      DONE AND ORDERED in Orlando, Florida, on November 16, 2012.

_____
THOMAS B. SMITH
United States Magistrate Judge

      Copies to all Counsel of Record