UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DAN CAPERS, JR. ,

    Plaintiff,

v.                                                    Case No: 6:11-cv-457-Orl-28TBS

NOAHS ARK REPAIR SERVICE, INC.
and MICHAEL POTTER,

    Defendants.

## REPORT AND RECOMMENDATION

Pending before the Court is the Parties' Joint Motion for Approval of Settlement Agreement and Dismissal of the Action with Prejudice (Doc. 98), in which they request Court approval of their proposed settlement of Plaintiff's Fair Labor Standards Act ("FLSA") claims. I have examined the motion and the Parties' Settlement Agreement (the "Agreement") and for the following reasons respectfully recommend that the Court grant the motion.

### I. Background

Plaintiff Dan Capers, Jr. alleges in his Amended Complaint that his former employer, Defendant Noah's Ark Repair Service, Inc. and its owner, Michael Potter, are liable for violations of the FLSA, 129 U.S.C. §§ 201, et. seq. (Doc. 1). Plaintiff worked for Defendants from October 2006 until January 5, 2011 as an hourly "repair technician." (Id., ¶ 19). Plaintiff complains that Defendants did not compensate him for all hours worked in excess of forty hours per week at a rate of one and one-half times his regular rate of pay, in violation of the FLSA. (Id. ¶ 22). In his answers to the Court's interrogatories, Plaintiff said Defendants owed him approximately $64,185 in overtime

damages. (Doc. 19-1). In their answer, Defendants admitted that Noah's Ark Repair Service, Inc. employed Plaintiff, but denied that they had failed to pay Plaintiff overtime wages in violation of the FLSA. (Doc. 12).

After Plaintiff filed this action the parties participated in an unsuccessful settlement conference. (Doc. 29). They engaged in discovery and then held a second settlement conference that was also unsuccessful (Doc. 98, ¶ 6). Then the parties filed cross motions for summary judgment (Docs. 59, 60), which were denied (except the Court found Defendant Michael Potter was an employer for purposes of the FLSA) (Doc. 85). Following the denial of their motions, the parties agreed to settle and informed the Court that they had settled all of their claims. The parties' Agreement provides that Defendants will pay Plaintiff: (1) $250 in overtime damages, (2) $250 in liquidated damages, and (3) 14,000 in attorneys' fees and costs.

## II. Discussion

The United States Court of Appeals for the Eleventh Circuit has explained that an FLSA claim can be settled and resolved in two ways. First, an employee may settle and waive claims under the FLSA if the payment of unpaid wages by the employer to the employee is supervised by the Secretary of Labor. 29 U.S.C. § 216(c); Lynn's Food Stores, Inc. v. U.S., 679 F.2d 1350, 1353 (11th Cir. 1982). Second, an employee may settle and waive claims under the FLSA if the parties present to a district court a proposed settlement agreement and the district court enters a judgment approving the settlement. Lynn's Food Stores, Inc., 679 F.2d at 1353.

Before approving a settlement, the district court must scrutinize the agreement and determine whether it is a "fair and reasonable resolution of a bona fide dispute" of the FLSA issues. Id. at 1354-55. If the settlement reflects a reasonable compromise of

issues that are actually in dispute, the Court may approve the settlement "to promote the policy of encouraging settlement of litigation." Id. at 1354. The nature of this lawsuit prompts the district court's review of the parties' Agreement rather than an examination conducted by the Secretary of Labor. The policy behind the FLSA, what is and what is not permissible in the settlement of an FLSA claim, and the Court's role in determining the fairness of a compromise and settlement of an FLSA claim are explained in Dees v. Hydrady, Inc., 706 F. Supp. 2d 1227 (M.D. Fla. 2010) and Moreno v. Regions Bank, 729 F. Supp. 2d 1346 (M.D. Fla. 2010). With these decisions in mind, the Court has reviewed the terms of the parties' Agreement within the framework set by this case and has concluded that the parties' motion should be granted in part.

The Court must first decide whether the Agreement is fair and reasonable to Plaintiff. If the Court finds the Agreement is fair, then it examines whether the Agreement otherwise "impermissibly frustrates implementation of the FLSA (factors "external" to the compromise). Dees, 706 F. Supp. 2d at 1241. Here, each party is represented by a lawyer. The parties and their lawyers agree that they have made a "full and adequate disclosure of the terms of settlement, including the factors and reasons considered in reaching same and justifying the compromise of [Plaintiffs'] claim." Id. at 1243. They also agree that this settlement is a fair and reasonable compromise of this dispute.

Plaintiff has agreed to this settlement to avoid the uncertainty of a trial and the possibility that a jury would return a defense verdict; to avoid the possibility that he would be liable for Defendants' costs; and to avoid the expense of attending a trial (Plaintiff lives out of state). Defendants have agreed to settle to end their on-going legal expenses and avoid the risk associated with taking the case to trial (Id.). These are legitimate and

sufficient grounds to support the parties' compromise, and the reasonableness of their Agreement's monetary terms.

The Agreement includes mutual general releases and a mutual non-disparagement clause. (Doc. 98-1, ¶¶ 6-8). "To the extent that the employee receives a full wage but relinquishes something else of value, the agreement . . . involves a 'compromise[.]'" Dees, 706 F. Supp. 2d at 1240. Such compromises are impermissible "side deals" which confer a partially offsetting benefit on the employer. Id. Consequently, an FLSA settlement that contains a pervasive release or which restricts a Plaintiff's First Amendment rights will typically not survive judicial scrutiny. See id.; Moreno, 729 F. Supp. 2d at 1352. But, in this circumstance both the release and non-disparagement clause are mutual, and thus also confer a benefit upon Plaintiff. Accordingly, I find that the Agreement does not confer an "uncompensated, unevaluated, and unfair benefit on the employer,"[1] and is a fair compromise. See Olvera v. Florida Aluminum and Steel, Inc., No. 2:10-cv-425-FtM-36DNF, 2011 WL 5525336 (M.D. Fla. Oct. 27, 2011) (approving mutual release); Knapp v. Riverglen Co., No. 3:10-cv-220-J-32JBT, 2011 Wl 2433621 (M.D. Fla. Apr. 20, 2011) (same).

The parties represent and agree that the amounts to be paid to Plaintiff's attorneys as fees were negotiated separately from Plaintiff's recovery, without regard to the amount of the settlement sum, and that Plaintiff's recovery was not adversely affected by the amount of fees paid to his lawyer. (Doc. 98 at 6). This is sufficient to establish the reasonableness of counsel's fees. See Bonetti v. Embarq Mngmt. Co., 715 F. Supp.2d 1222 (M.D. Fla. 2009).

---

[1] See Moreno, 729 F. Supp. 2d at 1351-52.

- 4 -

### III.  Recommendation

Upon due consideration of the foregoing, I find the parties' Agreement is a fair and reasonable resolution of a bona fide dispute and hereby **RESPECTFULLY RECOMMEND** that the Court:

1. **GRANT** the Parties' Joint Motion for Approval of Settlement Agreement and Dismissal of the Action with Prejudice  (Doc. 98).

 2. **APPROVE** the Parties' Agreement.

3. **TERMINATE** all other pending motions.

4. **DISMISS** this action with prejudice.

6. **DIRECT** the Clerk to close the file.

Specific written objections may be filed in accordance with 28 U.S.C. § 636, and M.D. FLA. R. 6.02, within fourteen (14) days after service of this report and recommendation.  Failure to file timely objections shall bar the party from a de novo determination by a district judge and from attacking factual findings on appeal.

**RESPECTFULLY RECOMMENDED** in Orlando, Florida on May 31, 2013.

*[signature]*
THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to Counsel of Record